

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-3278
Re: Commissioners' Court of
Liberty County has no author-
ity to construct, or appro-
priate county funds for the
construction or partial con-
struction, of a levee along
the banks of the Trinity
River under the facts stated.

Your request for opinion has been received and
carefully considered by this department. The question is
stated in your opinion upon the matter addressed to a mem-
ber of the Commissioners' Court of your county. We quote
from said opinion as follows:

"You came into my office this morning and
propounded to me the question - does the County
Commissioners' Court of Liberty County, or the
County of Liberty acting through the Commission-
ers' Court, have the authority to construct a
levy along the East side of the Trinity River
from the Trinity Bridge South, for a part of the
way, for the purpose of protecting adjoining
land owners adjacent to the river on the East
side of said river, or in the alternative does
the County have the authority or power to par-
ticipate in the construction of a levy or de-
fray part of the expense of building same.

"In answer to your question at first I told
you in an off-hand opinion that I did not think
that the Commissioners' Court had the authority
to construct said levy because it did not in any
way pertain to County Business. However, since

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

that time, I have had the opportunity to brief this question and my opinion is still the same - that is the County would not have the power or authority to construct or partly construct or provide funds for the construction of a levy as described in your question, unless there is created a Levy Improvement District under and by virtue of Provisions of Chapter 6, of Title 128, of the Revised Civil Statutes of Texas, providing for the establishment and creation of Levy Improvement Districts. In other words, the Legislature has invaded this field and provided under what conditions such public funds may be used for the purpose of creating levies along navigable streams and in addition thereto in Chapter 1, of Title 128, we find Article 802a, which provides:

"'Upon and after the taking effect of this Act (speaking about the Levy Improvement District Act) it shall be unlawful for any person, corporation or Levy Improvement District, without first obtaining approval of the plans for the same by the State Reclamation Engineer, to construct, attempt to construct, cause to be constructed, maintain or cause to be maintained, any levy or other such improvement on, along or near, any stream of this State which is subject to floods, freshets, or over-flows so far as to control, regulate or otherwise change the flood water of such stream; and any person, corporation or District violating this section of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not exceeding $100.00. . .'

"Then the Act goes on and provides that such illegal constructions can be enjoined by the Attorney General.

"I think that any individuals who may desire to have the levy constructed could only construct it out of their private funds, after they have first obtained the approval of the plans for same by the State Reclamation Engineer.

Honorable Thomas A. Wheat, Page 3

And after this is done, I am still of the opinion that the County could not have any authority to appropriate money for the construction of same. The only way they could participate in the same is by creation of a Levy Improvement District. It is the law of our land that Counties and Commissioners' Court only have such powers as are specially conferred upon them, and unless there is a provision in our Constitution or Statutes providing for them to have a certain power they do not have it.

"I have also studied Chapter 6, Title 22 of our Statutes and I do not think it throws any light upon the subject.

"Likewise, Article 6830 of our Statutes providing that County Commissioners Court may build levies or seawalls but it only applies to County Commissioner Court of Counties and municipality authorities of our Cities bordering on the coast of the Gulf of Mexico. Of course, this would not apply to Liberty County."

Article 8028, Vernon's Annotated Texas Civil Statutes, reads as follows:

"From and after the taking effect of this Act it shall be unlawful for any person, corporation or levee improvement district, without first obtaining the approval of plans for the same by the State Reclamation Engineer, to construct, attempt to construct, cause to be constructed, maintain or cause to be maintained, any levee or other such improvement on, along or near any stream of this State which is subject to floods, freshets or overflows, so as to control, regulate or otherwise change, the flood waters of such stream; and any person, corporation or district violating this section of this Act shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not exceeding one hundred dollars. And in the event any such structure is about to be constructed, is constructed, or maintained by any person

or corporation without approval of the plans by the State Reclamation Engineer, it shall be the duty of the Attorney General, on the request of the State Reclamation Engineer, to file suit in one of the district courts of Travis County, in which the venue of such suits is hereby fixed, to enjoin the construction or maintenance of such structure. Provided, that the provisions of this section shall not apply to dams, canals or other improvements made or to be made by irrigation, water improvements or irrigation improvements made by individuals or corporations."

We have carefully considered the statutes pointed out by you; we have also been unable to find any statutory authority which would authorize the Commissioners' Court to expend county funds for the purposes inquired about.

It is settled law that the commissioners' court has only such power and authority as the statutes and Constitution confer upon it, either expressly or by necessary implication.

It is our opinion that you have correctly answered the question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:LM

APPROVED MAR 28, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN